# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
*************************************
JAMES L. PATEREK,                       *
as best friend of his son,              *
JAMES L. PATEREK, JR.,                  *   No.  02-411V
                                        *   Special Master
              Petitioner,               *   Christian J. Moran
                                        *
v.                                      *   Filed: June 12, 2014
                                        *
SECRETARY OF                            *
HEALTH AND HUMAN SERVICES,              *   Attorneys' fees and costs;
                                        *   stipulation of fact; award in
              Respondent.               *   the amount to which respondent
                                        *   does not object
*************************************
```

John F. McHugh, New York, NY, for petitioner;
Michael Patrick Milmoe, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION ON FEES AND COSTS[1]

     Respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter on May 20, 2014.  Previously, petitioner informally submitted a draft application for attorneys' fees and costs to respondent for review.  Upon review of petitioner's application, respondent raised objections to certain items.  Based on subsequent discussions, petitioner amended her application to request $450,000.00, an amount to which respondent does not object.  The Court awards this amount, because of the complexity and duration of this case as explained below.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

**I.     Procedural History**

On April 30, 2002, Mr. Paterek filed a petition seeking compensation for his child's injuries. Doe 21 v. Sec'y of Health & Human Servs., No. 02-0411V, WL 4679501, at *1 (Fed. Cl. Spec. Mstr. May 22, 2008). Mr. Paterek filed medical records periodically from October 2002 through April 2004 and also presented reports from expert witnesses. Id. at *10-11. The presiding special master held a hearing during which five witnesses testified in October 2005. Id. at *1. The October 2005 hearing did not conclude the evidentiary development of Mr. Paterek's case, and so a separate hearing was held on July 20, 2007. Id. On May 22, 2008, the presiding special master issued a decision denying compensation because the petitioner was unable to demonstrate causation. Id. at *27.

Mr. Paterek filed a Motion for Review of the May 22, 2008 decision with the United States Court of Federal Claims. Doe 21 v. Sec'y of Health & Human Servs., 84 Fed. Cl. 19, 44. (Fed. Cl. 2008). The Court concluded that "Petitioner's Counsel overlooked obvious legal errors made by" the special master. Id. at 49. In addition, the Court said "Petitioner's counsel failed to argue governing precedent favoring his client's position." Id. Nevertheless, the Court vacated the May 22, 2008 decision and remanded the case with instructions to issue a decision within 90 days. Id. at 20, 50.

On remand, a third hearing was held on December 2, 2008. Doe 21 v. Sec'y of Health & Human Servs., 2009 WL 3288295, at *8 (Fed. Cl. Spec. Mstr. Jan. 16, 2009). On January 16, 2009, Mr. Paterek was again denied compensation, this time because he had failed to satisfy the logical sequence and timing prongs of the causation-in-fact test established in Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005). Id. at *34.

On February 17, 2009, Mr. Paterek filed a second Motion for Review challenging the December 2, 2008 decision. Doe 21 v. Sec'y of Health & Human Servs., 88 Fed. Cl. 178, 196 (Fed. Cl. 2009). On July 17, 2009, the Court granted the petitioner's Motion for Review and reversed the January 16, 2009 decision. Id. at 202. The Court also remanded the case to determine the amount of compensation to Mr. Paterek, reasonable attorneys' fees, and other costs. Id.

The proceedings on remand were complicated. On March 29, 2011, Mr. Paterek filed a motion seeking an award of attorneys' fees and costs on an interim basis. Doe 21 v. Sec'y of Health & Human Servs., No. 02-411V, 2011 WL

6941671, at *2 (Fed. Cl. Spec. Mstr. Oct. 26, 2011). The Secretary objected to several aspects of this motion, leading to multiple rounds of briefing. A focus of the parties' arguments was the reasonable hourly rate for Mr. Paterek's attorney, John McHugh. Some of the parties' disputes were resolved in a decision awarding Mr. Paterek $59,132.39 of his costs on an interim basis. Doe 21, 2011 WL 6941671, at *1. Costs were denied without prejudice for four individuals due to lack of evidence. Id. at *8-9. The decision did not, however, resolve the greater issue of attorneys' fees or determine the reasonable hourly rate for Mr. McHugh. Id. at *11.

     For damages, the process was more complicated than a typical case in the Vaccine Program. Mr. Paterek followed the usual practice of retaining a life care planner to project the costs of his child's medical care, and the Secretary also retained a life care planner. Id. at *2. This process, while not perfectly smooth, worked well enough.

     However, Mr. Paterek also pursued a relatively uncharted course with respect to the form of payment. For more than 15 years, in cases in which the parties anticipated a relatively large amount of compensation would address future medical needs, the special master has ordered the purchase of an annuity. In accord with this practice, the Secretary proposed to purchase an annuity that would pay for Mr. Paterek's needs periodically. Mr. Paterek, however, challenged this practice. He maintained that he should receive all compensation in a lump sum because he could manage and invest a lump sum for his child's benefit. The parties spent an extensive amount of time developing evidence, including obtaining reports from experts, and arguments about whether the form of payment should be in a lump sum or in an annuity. A hearing was held on this issue.

     Before a formal ruling resolved the method of compensation, the parties reached an agreement and submitted a proffer. A decision awarding Mr. Paterek compensation was issued on January 4, 2012, 2012 WL 219343 at *1, and judgment entered in accord with this decision on February 7, 2012.

     The government appealed the judgment to the Federal Circuit, which docketed its case as number 2012-5078. Mr. Paterek filed a brief prepared by Mr. McHugh and Ms. Helen Sturm. Oral arguments were held on April 5, 2013, during which Mr. McHugh argued for Mr. Paterek. Recording of oral argument, available at http://cafc.uscourts.gov/oral-argument-recordings/all/paterek.html.

On June 19, 2013, the Federal Circuit issued an opinion reversing the judgment of the Court of Federal Claims and remanded the case with instructions that the Court of Federal Claims affirm the undersigned's decision that Mr. Paterek is not entitled to compensation. Paterek v. Sec'y of Health & Human Servs., 527 Fed.Appx. 875, 884 (Fed. Cir. 2013). A rehearing was denied on August 16, 2013.

## II.     Pending Motion for Attorneys' Fees and Costs

On January 13, 2014, Mr. Paterek filed the pending motion for attorneys' fees and costs. Mr. Paterek seeks a total of $661,685.50 in attorneys' fees and $60,465.77 in costs.[1] The attorneys' fees and costs can be divided into the following:

| Summary of Requested Attorneys' Fees and Costs | | |
|---|---|---|
| **Phase** | **Fees** | **Costs** |
| First Entitlement | $148,760.00 | $2,000.00 |
| First Motion for Review | $4,225.00 | $0.00 |
| Second Entitlement | $86,043.75 | $3,000.00 |
| Second Motion for Review | $36,328.00 | $1,155.47 |
| Damages | $164,906.50 | $51,310.30 |
| Interim Fees | $15,493.50 | $0.00 |
| Federal Circuit | $175,701.00 | $0.00 |
| Final Fees | $30,277.75 | $0.00 |
| **Total Requested Fees & Costs:** | **$661,685.50** | **$60,465.77** |

Several aspects of this fee request for attorneys' fees and costs stand out. First, the costs during the first entitlement stage are minimal because they were already reimbursed in the October 26, 2011 Interim Fees Decision. Second, Mr. Paterek has not requested compensation for all the work his attorney performed on the first motion for review. Presumably, this omission reflects the "billing judgment" of the attorney in light of the Court's instruction for the special master "to consider the court's observations in any fee application submitted by Petitioner's counsel." Doe 21, 84 Fed. Cl. at 50 n.57. Third, the amount of attorneys' fees requested for the damages phase exceeded what is typical in the Vaccine Program. An estimated $60,000 to $70,000 in attorneys' fees plus an additional $30,000 to $40,000 in costs was incurred on resolving the issue of

---

[1] Mr. Paterek submitted documentation to support his claim of costs for three of the four people discussed in the Interim Fee Decision. He withdrew his claim with respect to the fourth.

annuity versus lump sum compensation.  Fourth, the amount requested for work at the Federal Circuit also was more than normal.  Fifth, the amount requested in preparing the final application for attorneys' fees was also quite high.

Evidently, the Secretary also had concerns about the amount of the request for fees and costs because the parties discussed the fee application for several months.  After these communications, Mr. Paterek amended his application to request the reduced sum of $450,000.00.  The Secretary did not object to an award of attorneys' fees in this amount.

The reduced request is still among the largest awards of attorneys' fees made by this special master.  Therefore, the undersigned has reviewed the request notwithstanding the apparent concessions Mr. Paterek made to the Secretary.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 318 (Fed. Cl. 2008) (concluding that a special master can review fee applications sua sponte).

As the abbreviated procedural history suggests, this case is unusual in multiple respects.  These factors contributed to the duration of the case and the number of hours an attorney would reasonably spend litigating the case.  In addition, Mr. Paterek's attorney (Mr. McHugh) practices in New York City and, therefore, is compensated at the rate prevailing in the forum (Washington, D.C.).  See Rodriguez v. Sec'y of Health & Human Servs., 632 F.3d 1381 (Fed. Cir. 2011) (ruling that the special master was not arbitrary in setting Mr. McHugh's hourly rate).  Such factors contribute to the large amount of fees requested.

Under these uncommon circumstances, the amount of fees and costs requested in the amended application --- which Mr. Paterek reduced by nearly 40 percent --- is reasonable.  Although a more searching inquiry of the original fee request may have resulted in an amount different from (either higher than or lower than) the negotiated amount, the compromise between the parties has achieved a "rough justice" in the award of attorneys' fees and costs that the Court finds to be appropriate.  Fox v. Vice, 131 S.Ct. 2205, 2210 (2011).

### III.     Conclusion

After reviewing the request, the Court awards a check jointly payable to petitioner and his counsel, John F. McHugh, Esq, in the amount of **$450,000.00**, for attorneys' fees and other litigation costs.  The Court thanks the parties for their cooperative efforts in resolving this matter.

The Clerk shall enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.